Gary **WILLIAMS, Sr., and Shonet Williams, Plaintiffs,**

v.

The **BOARD OF EDUCATION OF the COUNTY OF KANAWHA, a Statutory Corporation, Defendant.**

**Civ. A. No. 74-378-CH.**

United States District Court, S. D. West Virginia, Charleston Division.

Jan. 30, 1975.

Arthur T. Ciccarello, Charleston, W. Va., for plaintiffs.

John O. Kizer, Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

This action arises from the public school textbook controversy in Kanawha County, West Virginia—a controversy which developed at the commencement of the 1974–1975 school term following adoption of a series of textbooks and supplemental materials for the county's public school system by the Board of Education, defendant herein. In their complaint plaintiffs state that they are citizens, residents and taxpayers of Kanawha County, that they are parents of two infant school age children, and that their religion requires them to place their children in private schools at added expense since the controversial textbooks and supplemental materials used in the public school system impair and undermine their religious beliefs and invade their personal and familial privacy. Paragraph 6 of the complaint is in the following language:

> 6. The children of the plaintiffs are entitled, in the public schools, to an education of intellectual and moral excellence and they are, therefore, also entitled to receive instructions and textbooks which are free from religious value inculcations, matters offensive to Christian morals and good citizenship, matters which invade the personal privacy of their children or familial privacy, and matters which suggest or encourage the use of bad English or mediocrity of mind.

Paragraph 10 in part and paragraph 11 of the complaint are as follow:

> 10. . . . Plaintiffs allege that textbooks adopted for use by the defendant contain, both religious and

anti-religious materials, matter offensive to Christian morals, matter which invades personal and familial morals, matter which defames the Nation and which attacks civic virtue, and matter which suggests and encourages the use of bad English. The textbooks so adopted contain within them articles and stories promoting and encouraging a disbelief in a Supreme Being, and encouragement to use vile and abusive language and encouragement to violate the Ten Commandments as given by the Almighty to Moses, and an encouragement to violate not only Christian beliefs but the civil law.

11. Plaintiffs allege that the defendant by and through the use of said textbooks, has violated the position of neutrality in religious matters as required by the Supreme Court of the United States and inhibited the exercise of rights of the Plaintiffs in the free exercise of their religion as guaranteed by the First Amendment to the Constitution of the United States.

Paragraph 13 of the complaint states the bases of plaintiffs' action in the following language:

13. Plaintiffs allege that they and their said children will suffer irreparable harm unless this Court enjoin the defendant from violating their constitutional rights of freedom of religion, of privacy and to have their children furnished a public school education which encourages excellence and civic virtue, which rights are guaranteed to them, by the First, Ninth and Fourteenth Amendments to the Constitution of the United States.

Plaintiffs seek injunctive relief restraining defendant from using the challenged textbooks and supplemental materials, as identified in the complaint, in violation of their constitutional rights, particularly their rights of religious freedom and privacy as detailed in paragraph 6 of their complaint.

Defendant is a public statutory corporation, created under the laws of the State of West Virginia, whose membership is composed of five citizens of the county elected by the voters on a nonpartisan ballot, each for a term of six years. West Virginia Code, § 18–5–1.

Paragraph 9 of the complaint states:

Jurisdiction of this Court is invoked under Title 28 USC, Section 1343 and Title 28 USC, Section 2281 and 2284.

■ Jurisdiction is recognized under 28 U.S.C., Section 1343, but 28 U.S.C., Sections 2281–2284, relating to district courts of three judges, may not be a basis of jurisdiction herein. The pleadings present no case for convention of a district court of three judges.

The action is before the Court at this time on defendant's motion to dismiss plaintiffs' amended complaint or, in the alternative, for summary judgment. Rule 12 and Rule 56, Federal Rules of Civil Procedure. Defendant's motion is supported by an affidavit and a supplemental affidavit. At an evidentiary hearing on the motion, the parties were accorded the opportunity to present additional pertinent materials. One of the plaintiffs was called as a witness but defendant supplied no additional materials. Rule 12(b)(6).

■ Defendant's motion challenges plaintiffs' standing to maintain the action. This issue and position need not be considered at length. See West Virginia Highlands Conservancy v. Island Creek Coal Co., 441 F.2d 232 (4th Cir. 1971), and Annotation, 11 A.L.R., Federal, 549 (1972).

■ Plaintiffs' action is based on constitutional rights claimed to be guaranteed under the First, Ninth and Fourteenth Amendments to the Constitution of the United States. The First Amendment, in pertinent part, reads as follows:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof;
. . . .

The Ninth Amendment provides:

The enumeration in the Constitution, of certain rights, shall not be con-

strued to deny or disparage others retained by the people.

The Fourteenth Amendment is construed to make the First Amendment provisions relating to religion applicable to the states and to the subdivisions thereof, including a county board of education. Torcaso v. Watkins, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); West Virginia Board of Education v. Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943). While the Constitution does not explicitly mention the right of privacy, a right claimed in paragraph 6 of plaintiffs' complaint, the right is recognized sometimes under the Ninth Amendment and sometimes under the Fourteenth Amendment as a fundamental right or rights implicit in the concept of ordered liberty. Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 726–727, 35 L.Ed.2d 147 (1973).

 Careful consideration, evaluation and analysis of plaintiffs' complaint and testimony compel the conclusion that materials in some of the controversial textbooks and supplemental materials are offensive to plaintiffs' beliefs, choices of language, and code of conduct. However, the Court cannot find in the defendant's actions in placing the textbooks and supplemental materials in the Kanawha County schools any establishment of religion. A complete loosening of imagination is necessary to find that placing the books and materials in the schools constitutes an establishment of religion contrary to the rights contained in the Constitution. Further, the Court finds nothing in defendant's conduct or acts which constitutes an inhibition on or prohibition of the free exercise of religion. These rights are guaranteed by the First Amendment, but the Amendment does not guarantee that nothing about religion will be taught in the schools nor that nothing offensive to any religion will be taught in the schools. The Court finds nothing in defendant's procedures, actions or conduct incident to placing the books and materials in the schools violative of any rights accorded to plaintiffs and their children under the Ninth Amendment, particularly the right of privacy, as claimed in the complaint.

In the absence of bases for relief in the courts, where no violation of constitutional rights is found, plaintiffs and parties similarly situated, with reference to books and materials found offensive to and objectionable by them, may find administrative remedies through board of education proceedings or ultimately at the polls on election day.

Upon careful review and consideration of the entire record in the action, the Court finds and concludes:

1. The Court has jurisdiction of the action.

2. Plaintiffs have adequate standing for commencement and prosecution of the action.

3. The action is properly considered on defendant's motion for summary judgment.

4. Plaintiffs' complaint, together with the evidence adduced by plaintiffs, considered in the light most favorable to them and with the allegations of the complaint taken as true, fails to state a claim upon which relief can be granted. Rule 12(b)(6). Wright and Miller, Federal Practice and Procedure, § 1357 (1969). Moreover, upon consideration of the entire record, no genuine issue as to any material fact remains for determination or adjudication. Defendant is entitled to judgment as a matter of law. Rule 56(c). Wright and Miller, Federal Practice and Procedure, § 2727 (1973).

Fundamental principles greatly determinative of this action have been clearly stated by the Supreme Court of the United States in Epperson v. Arkansas, 393 U.S. 97, 89 S.Ct. 266, 270–271, 21 L.Ed.2d 228 (1968), in the following language:

The antecedents of today's decision are many and unmistakable. They

are rooted in the foundation soil of our Nation. They are fundamental to freedom.

Government in our democracy, state and national, must be neutral in matters of religious theory, doctrine, and practice. It may not be hostile to any religion or to the advocacy of no-religion; and it may not aid, foster, or promote one religion or religious theory againstanother or even against the militant opposite. The First Amendment mandates governmental neutrality between religion and religion, and between religion and nonreligion.

. . . . . .

Judicial interposition in the operation of the public school system of the Nation raises problems requiring care and restraint. Our courts, however, have not failed to apply the First Amendment's mandate in our educational system where essential to safeguard the fundamental values of freedom of speech and inquiry and of belief. By and large, public education in our Nation is committed to the control of state and local authorities. Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values. On the other hand, "[t]he vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools," Shelton v. Tucker, 364 U.S. 479, 487, 81 S.Ct. 247, 251, 5 L.Ed.2d 231 (1960).

. . . . . .

Upon consideration of the record in the action, the memoranda of counsel and the arguments of counsel thereon, it is

Ordered and adjudged that defendant's motion, considered as a motion for summary judgment, be, and it is hereby, granted. Proceedings in this action are concluded and the action is dismissed.