**Bob MOZERT, et al.**

v.

**HAWKINS COUNTY PUBLIC SCHOOLS, et al.**

**No. CIV-2-83-401.**

United States District Court, E.D. Tennessee, Northeastern Division.

Feb. 24, 1984.

Michael P. Farris, Washington, D.C., and L.W. Bailey, Jr., Kingsport, Tenn., for plaintiff.

---

N.R. Coleman, Jr. and Ronald W. Woods, Greeneville, Tenn., Charles Hampton White, Nashville, Tenn., Phillip L. Boyd, Rogersville, Tenn., for defendant.

## MEMORANDUM AND ORDER

HULL, District Judge.

This is a civil rights action, 42 U.S.C. § 1983, for damages and injunctive relief, alleging violations of the free exercise clause of the First Amendment to the United States Constitution and of the fundamental right of parents to control the education and religious and moral instruction of their children.

The plaintiffs are certain Hawkins County, Tennessee, school children and their parents who object to the fact that all Hawkins County public school children from the first to the eighth grade are taught to read from the *Holt Basic Readings* published by Holt, Rhinehart and Winston. Plaintiffs allege that these books do the following objectionable things:

(1) teach witchcraft and other forms of magic and occult activities;

(2) teach that some values are relative and vary from situation to situation;

(3) teach attitudes, values, and concepts of disrespect and disobedience to parents;

(4) depict prayer to an idol;

(5) teach that one does not need to believe in God in a specific way but that any type of faith in the supernatural is an acceptable method of salvation;

(6) depict a child who is disrespectful of his mother's Bible study;

(7) imply that Jesus was illiterate;

(8) teach that man and apes evolved from a common ancestor; and

(9) teach various humanistic values.

The plaintiffs' position, in essence, is that their first Amendment freedom to believe as they choose is meaningless if the state can force their children to read books that contain ideas and values to which they do not subscribe. They seek, *inter alia,* the right of the student plaintiffs to "opt out" by reading from some other state-approved texts and an injunction which would prohibit Hawkins County from compelling the students to be present in any class or any room where the *Holt Basic Readers* are read from, recited from, or in which their contents are discussed.

The complaint contains no allegation that the defendants are attempting to coerce the school children into performing any symbolic act, subscribing to any particular value, or professing any particular form of belief. The plaintiffs' assertion appears to be that the mere exposure to this broad spectrum of ideas and values which they find offensive amounts to a constitutional violation.

This Court is of the opinion that only claim 5 [that the books teach that one does not need to believe in God in a specific way but that any type of faith in the supernatural is an acceptable method of salvation], may state a constitutional violation. This would only be the case if the books appear to assert that salvation or some form of religion is necessary at all or that no religion is necessary. The plaintiffs have yet to specify to this Court exactly which parts of which books substantiate this claim.

In this highly diverse nation, it is not uncommon that a group of people will form a sincere and passionate distaste for a particular set of textbooks chosen by an apparently well-meaning board of education. In *Williams v. Board of Education of the County of Kanawha,* 388 F.Supp. 93 (D.W. Va.1975), aff'd 530 F.2d 972 (4th Cir.1975), a group of parents of public school children brought an action challenging the chosen textbooks as containing "both religious and anti-religious materials, matter offensive to Christian morals, matter which invades personal and familial morals, matter which defames the nation and which attacks civic virtue, and matter which suggests and encourages the use of bad English." *Id.* at 95. The Kanawha County plaintiffs, like those in this action, alleged that the use of these textbooks was a violation of their First Amendment right to free exercise of their religion. After an evidentiary hear-

ing, the *Williams* court concluded that the materials were genuinely offensive to the beliefs of the plaintiffs but that, as a matter of law, there was nothing in the defendant's conduct that constituted an inhibition of, or prohibition of, the free exercise of religion. About the plaintiffs' rights of free exercise of religion it wrote:

> These rights are guaranteed by the First Amendment, but the Amendment does not guarantee that nothing about religion will be taught in the schools or that nothing offensive to any religion will be taught in the schools...
>
> Government in our democracy, state and national, must be neutral in matters of religious theory, doctrine, and practice. It may not be hostile to any religion or to the advocacy of no-religion; and it may not aid, foster, or promote one religion or religious theory against another or even against the militant opposite. The First Amendment mandates governmental neutrality between religion and religion, and between religion and nonreligion...
>
> By and large, public education in our Nation is committed to the control of state and local authorities. Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values. *Id.* at 96, 97.

No basic constitutional values are implicated in the allegation that the *Holt Basic Readings* depict witchcraft, the worship of idols, situational ethics, disrespect for parents, the theory of evolution, or the values of humanism. None of these allegations suggest a departure from the constitutionally mandated neutrality between religion and religion and between religion and nonreligion. The First Amendment does not protect the plaintiffs from exposure to morally offensive value systems or from exposure to antithetical religious ideas. Only if the plaintiffs can prove that the books at issue are teaching a particular religious faith as true (rather than as a cultural phenomenon), or teaching that the students must be saved through some religious pathway, or that no salvation is required,

can it be said the mere exposure to these books is a violation of free exercise rights.

Accordingly, it is ORDERED that the defendants' motion to dismiss, Rule 12(b)(6), Federal Rules of Civil Procedure, is hereby GRANTED in part and DENIED in part. The plaintiffs' claim is hereby limited to its fifth allegation as indicated above.