**Bob MOZERT, et al.**

v.

**HAWKINS COUNTY PUBLIC SCHOOLS, et al.**

No. Civ-2-83-401.

United States District Court,
E.D. Tennessee,
Northeastern Division.

March 15, 1984.

Michael P. Farris, Washington, D.C., and L.W. Bailey, Jr., Kingsport, Tenn., for plaintiffs.

N.R. Coleman, Jr. and Ronald W. Woods, Greeneville, Tenn., Charles Hampton White, Nashville, Tenn., Philip Boyd, Rogersville, Tenn., for defendants.

## MEMORANDUM AND ORDER

HULL, District Judge.

Plaintiffs, Hawkins County, Tennessee school children and their parents, have filed this civil rights action, 42 U.S.C. § 1983, objecting to the fact that Hawkins County public school children are taught to read from the Holt Basic Readings, published by Holt, Rhinehart, and Winston. They claim that the compulsory use of these texts, from the first to the eighth grade, violates their right of free exercise of religion and the fundamental right of parents to control the religious and moral instruction of their children.

By order of February 24, 1984, this Court limited plaintiff's allegations to the only one it considered to possibly state a constitutional claim. 579 F.Supp. 1051. This allegation, that the books in question teach that one does not need to believe in God in a specific way, but that any type of faith in the supernatural is an acceptable method of salvation, was considered to state a claim only if the books were asserting either that salvation, or some form of religion, was necessary, or that no religion was necessary. In other words, the test would be whether the books were neutral on the issue of religion, or violating this neutrality either by advocating a particular religion or by being anti-religion.

The plaintiffs were directed to specify to the Court exactly which parts of the books substantiated their allegation. They have now responded, and it is clear that the books neither instruct the children that they must be saved, nor that they do not need any form of religion. The plaintiffs do not suggest otherwise. What they object to is the underlying philosophy of the readers, taken as a whole, which is geared

to making the school children better participants in the world community. The books are aimed at fostering a broad tolerance for all of man's diversity, in his races, religions and cultures. They intentionally expose the readers to a variety of religious beliefs, without attempting to suggest that one is better than another. The illustrations chosen by the plaintiffs in their brief are very apt. Both appear in the eight grade reader, *Great Waves Breaking*.

The first example is a poem entitled "The Blind Men and the Elephant" by John Godfrey Saxe, described as a Hindu fable. It appears on page 408. The poem described six blind men who each feel a portion of an elephant and reach a conclusion of what the whole must be like on the basis of their limited experience. The last two stanzas read:

> And so these men of Indostan
> Disputed loud and long,
> Each in his own opinion
> Exceeding stiff and strong,
> Though each was partly in the right
> And all were in the wrong!

> Moral

> So oft in theologic wars,
> The disputants, I ween,
> Rail on in utter ignorance
> Of what each other mean,
> And prate about an Elephant
> Not one of them has seen!

The plaintiffs correctly reach the obvious conclusion that this poem means that each religion described God from its own limited vantage point, based on its incomplete revelation, and that all are only partly right and partly wrong. While that is no doubt the meaning of the poem, there is nothing in the book to suggest that all should subscribe to this way of thinking. The poem is presented for what it is worth. In the context of the readers taken as a whole, however, it does indeed illustrate the type of religious tolerance presumably requisite to the ideal "world citizen."

The second illustration, found on page 387, is from the classic story, *The Diary of Anne Frank*. In the scene selected, Anne is talking to Peter Van Daan.

Anne: (Softly.) I wish you had a religion, Peter.
Peter: No, thanks! Not me!
Anne: Oh, I don't mean you have to be Orthodox ... or believe in heaven and hell and purgatory and things ... I just mean some religion ... it doesn't matter what. Just to believe in something! When I think of all that's out there ... the trees ... and flowers ... and seagulls ... when I think of the dearness of you, Peter ... and the goodness of the people we know ... Mr. Kraler, Miep, Dirk, the vegetable man, all risking their lives for us every day ... When I think of these good things, I'm not afraid anymore ... I find myself, and God, and I...
(PETER interrupts, getting up and walking away.)

Unlike the poem about the elephant, the *Diary of Anne Frank*, as a whole, cannot be interpreted to be making a statement about the equal validity or invalidity of all religions, although this passage, taken out of context, can be so read. Nonetheless, this illustration does support the plaintiff's contention that the books, as a whole, tend to instill in the readers a tolerance for man's diversity.

It is this underlying philosophy that offends the plaintiffs who believe that Jesus Christ is the only means of salvation. Plaintiffs reject for their children any concept of world community, or one-world-government, or human interdependency. They also strongly reject any suggestion, by implication, that all religions are merely different roads to God, finding this an attack on the very essence of the Christian doctrine of salvation.

 This Court does not doubt the sincerity of the plaintiffs' beliefs, nor does it doubt that the implication which can validly be found in the passages cited, offends the plaintiffs. This Court is satisfied by the examples filed that the books have the philosophical viewpoint plaintiff alleges. However, it cannot find in them, anything that can be considered a violation of plaintiff's constitutional rights. This Court

must reassert what it indicated in the previous memorandum, that the First Amendment "does not guarantee that nothing offensive to any religion will be taught in the schools." *Williams v. Board of Education of the County of Kanawha*, 388 F.Supp. 93, 96 (D.W.Va.1975). What is guaranteed is that the state schools will be neutral on the subject, neither advocating a particular religious belief nor expressing hostility to any or all religions. From what this Court has read, it would appear that the Holt Basic Readings carefully adopt this constitutionally mandated neutrality. Moreover, they are well calculated to equip today's children to face our increasingly complex and diverse society with sophistication and tolerance.

In light of the fact that the plaintiffs have been unable to show this Court any part of any book, or anything about the books taken as a whole, that could impinge on the constitutional rights of the plaintiffs, this action is hereby DISMISSED. Rule 56(b), Federal Rules of Civil Procedure.

This Court has granted plaintiffs two hearings in this action and finds that nothing further could be brought before it which would influence its decision.

Accordingly, plaintiff's request for an additional hearing on the defendants' motion to dismiss is hereby DENIED.