Bob MOZERT, et al.,
Plaintiffs-Appellants,

v.

HAWKINS COUNTY PUBLIC
SCHOOLS, et al.,
Defendants-Appellees.

No. 84–5317.

United States Court of Appeals,
Sixth Circuit.

Argued April 5, 1985.

Decided June 18, 1985.

Michael P. Farris, argued, Concerned Women for America, Washington, D.C., and L.W. Bailey, Jr., Kingsport, Tenn., for plaintiffs-appellants.

N.R. Coleman, Jr., Ronald W. Woods, argued, Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, Tenn.; Charles Hampton White, Nashville, Tenn., W. Gregory Miller, argued, and Phillip L. Boyd, Rogersville, Tenn., for defendants-appellees.

Before LIVELY, Chief Judge, KEITH, Circuit Judge, and WEICK, Senior Circuit Judge.

WEICK, Senior Circuit Judge.

Appellants, consisting of certain Hawkins County school children and their parents, appeal from the granting of summary judgment by the district court and the dis-

missal of their amended complaint which alleged that their rights were unconstitutionally infringed by the enforcement of appellee Hawkins County Board of Education's policy of requiring all public elementary school students to read in class textbooks published by Holt, Rhinehart and Winston (Holt). In our opinion, as hereinafter pointed out, there were sufficient disputed issues of fact not resolved to make it erroneous for the district court to grant summary judgment. We therefore reverse and remand for the district court to conduct an evidentiary hearing and to adopt findings of fact and conclusions of law.

## I.

In 1983, the Hawkins County Board of Education approved the use of the Holt textbook as a reading primer for its elementary school system. Appellants, who are fundamentalist Christians, brought an action in the United States District Court for the Eastern District of Tennessee, under 42 U.S.C. § 1983, to enjoin the Board and its administrators from compelling their children to participate in classes which used the Holt primer and to instead permit them to have their own separate reading classes with a different "non-offensive" reading primer. The complaint alleged that the Holt books contained teachings which were contrary to their fundamentalist beliefs and that their religion forbade them from reading such contrary teachings. Appellants emphasized that they were not seeking to ban the Holt books from the schools nor did they object to its use by the rest of the student body.

Appellees moved, pursuant to Fed.R. Civ.P. 12(b)(6), to dismiss appellants' action for failure to state a legally cognizable claim upon which relief can be granted. In support of this motion, appellees submitted an affidavit by appellee Hawkins County School Superintendent Bill Snodgrass in which he defended the decision to use the Holt books. Snodgrass stated his belief that the books were very instructive and attractive and that they substantially enhanced reading skills. He warned that if the appellants were permitted to opt out of the regular reading program and to hold their own alternative classes "teachers would have no control over the management, they could not possibly teach skills in sequential order and the teaching-learning process would become completely unmanageable chaos."

Appellants subsequently filed an amended complaint which more specifically set out their reasons for objecting to the Holt books. They claimed that the books were offensive to their religious beliefs because: (1) they teach witchcraft in violation of Biblical precepts against such teaching; (2) they teach that certain values, held to be absolute by appellants, are relative depending upon the situation; (3) they teach that it is proper to be disobedient to parents, despite Biblical precepts to the contrary; (4) they teach that idol worship may be beneficial and that prayer to a horse god may have helped to end World War II, despite the Biblical prohibition against idol worship and belief; (5) they teach that one can achieve salvation simply by having faith in the supernatural without necessarily believing in Jesus; (6) they teach that Jesus needed the help of Jewish scribes to write his story—thus implying that Jesus was illiterate—despite the fact that the Bible says that Jesus was literate and that his story was written by non-Jews; (7) they teach that man evolved from the common ancestors of monkeys in contradiction of the creation story in the Bible; (8) they teach "humanism, ... one world concepts [and] antinationalism"—values which are contrary to those possessed by appellants.

On December 9, 1983, a hearing was held before the district court. Several of the appellants testified about their objections to the Holt books. The books themselves were introduced into evidence. At the conclusion of the hearing, the court announced that it would defer ruling on appellants' injunction request until the record was further developed. On January 10, 1984, the court advised the parties that it would reach a final decision by January 30 and that, unless they objected, it would treat

their respective pleadings as cross-motions for summary judgment.

Appellees filed an answer to appellant's amended complaint on January 11, 1984. In their answer, appellees denied, for lack of information, the assertion contained in the complaint that appellants' religious beliefs were sincerely held and that exposure to the Holt books offends these beliefs. Appellees admitted as true appellants' allegation that the students who refused to read the textbooks were suspended from school. However, they denied appellants' assertion that there were suitable alternative books which could have been made available to those students or that they had rebuffed appellants' pleas for alternative books. On January 16, 1984, appellees filed a new motion to dismiss and, in the alternative, for summary judgment. Appellees also sought protection from appellants' discovery requests until these motions were ruled upon.

On January 30, 1984, appellants notified the court that they desired a trial in this matter and that they needed to depose several witnesses in order to properly respond to appellees' motions. Appellants requested that the court hold an oral hearing prior to disposing of the motions. Appellants moved for a continuance until April 4, 1984.

The court issued an order, on February 15, 1984, prohibiting further discovery until a hearing on the motions could be held. The hearing was set for February 24, 1984. On that date, the court granted appellees' motion to dismiss except as to appellants' fifth allegation (that the books teach that one does not necessarily have to believe in Jesus in order to achieve salvation). 579 F.Supp. 1051. The fifth allegation, the court stated, may state a constitutional violation if the appellants can show that the books actually asserted that salvation or some form of religion is necessary or that no religion is necessary. With regard to the other allegations, the court held that they did not assert that the books taught that a particular faith or that no religious faith is necessary and, therefore, did not make out a valid First Amendment claim.

Appellants filed a memorandum with the court, on March 12, 1984, addressing their allegation that the books teach that belief in Jesus is unnecessary for one to achieve salvation. They cited an essay written by Thomas J. Murphy, Holt's Senior Vice President for its school book division, which was published in the teacher's edition of one of the Holt books. In this essay, Murphy noted that school reading programs involve more than simply the teaching of reading skills but also the shaping of students' ethical values. He contrasted the values of the reading books used previously in the schools with the new Holt books. The former, he indicated, "emphasized a Judeo-Christian values system in a most direct way" while the latter emphasized the need for students "to have a sense of themselves as participants in a national and world community; to understand and to be mindful of the richness of our diversity." Appellants alleged that these statements show that the Holt authors rejected the traditional Judeo-Christian values and sought to teach contrary values. Appellants also cited several examples in the books themselves which they claim support their contention, including readings which discuss, without disapproval, Chinese, Islamic and Buddhist philosophy.

On March 15, 1984, the court dismissed the remaining allegation, pursuant to Fed. R.Civ.P. 56(b). 582 F.Supp. 203. The court indicated that it found no evidence that the Holt books instructed children, one way or the other, on the need to believe in Jesus in order to achieve salvation. While conceding that appellants' religious beliefs were sincerely held and that the Holt books contain passages which might be offensive to them, the court, nevertheless, held that there was no constitutional violation because the books were neutral on the subject of religion, "neither advocating a particular religious belief nor expressing hostility to any or all religions." The court also denied appellants' request for an additional hearing. From these orders of dis-

missal, appellants have appealed to this court.

## II.

The district court dismissed all but one of the claims in appellants' complaint, pursuant to Fed.R.Civ.P. 12(b)(6). The remaining claim was dismissed on summary judgment, pursuant to Rule 56. However, it is clear from the district court's memorandum on its Rule 12(b)(6) dismissals that the court considered the affidavits, testimony and other evidence in the record. Under Rule 12(b), when matters outside the pleadings are presented to the court, and not excluded, a motion to dismiss for failure to state a claim is treated as one for summary judgment. *Sequoyah v. Tennessee Valley Authority*, 620 F.2d 1159, 1161 (6th Cir. 1980), *cert. denied*, 449 U.S. 953, 101 S.Ct. 357, 66 L.Ed.2d 216. Accordingly, both of the orders dismissing appellants' claims will be treated as grantings of summary judgment.

Summary judgment may be granted only if there is no genuine issue with respect to the material facts of the case. *County of Oakland v. City of Berkley*, 742 F.2d 289, 297 (6th Cir.1984). In ruling on a motion for summary judgment, the court must construe the evidence in the light most favorable to the party opposing the motion. *Adams v. Union Carbide Corp.*, 737 F.2d 1453 (6th Cir.1984), *cert. denied*, — U.S. ——, 105 S.Ct. 545, 83 L.Ed.2d 432. Further, the papers supporting the movant are closely scrutinized, whereas the non-movant's are treated indulgently. *Id.* Bearing these considerations in mind, we turn to appellants' claim that the required participation in the Holt reading program violates their right to the free exercise of religion.

When deciding a free exercise claim, the courts apply a two-step analysis. First, it must be determined whether the government action does, in fact, create a burden on the litigant's exercise of his religion. If such a burden is found, it must then be balanced against the governmental interest, with the government being required to show a compelling reason for its action. *Bob Jones University v. United States*, 461 U.S. 574, 603, 103 S.Ct. 2017, 2035, 76 L.Ed.2d 157 (1983); *Sequoyah v. Tennessee Valley Authority*, 620 F.2d at 1163.

In the instant case, appellants have asserted that their religious beliefs are sincerely held and that the Holt books present ideas which oppose and/or contradict these beliefs. They contend that their religion requires that they not be exposed to such beliefs. They further allege that the appellant-children were required to participate in the Holt reading program and that refusal to participate would lead to expulsion. Appellees have denied that appellants' religious beliefs were sincerely held and that exposure to the Holt books offends such beliefs. A factual issue is, therefore, presented as to whether appellees infringed on appellants' free exercise rights. This issue must be resolved on remand by the district court with appropriate findings of fact and conclusions of law.

As noted above, the state can permissibly impose a burden on an individual's free exercise rights if the state has a compelling justification for doing so. Appellees insist that their interest in teaching reading to the elementary school students under their charge is just such a compelling interest which would justify the burden imposed on appellants. Further, they argue that to accommodate appellants' demands would require them to violate the First Amendment's establishment clause. Appellants, on the hand, insist that their opt-out proposal would not impair appellees' ability to teach reading since appellees would still be permitted to teach reading with the Holt books to the rest of the student body and appellants would still be required to learn the very same reading skills as the other students, albeit with an alternative book. Again, there is a factual dispute which precludes disposition of the issue on summary judgment. A remand is, therefore, necessary for the district court to make factual findings and conclusions of law on this issue as well as to permit reasonable discovery if requested.

The judgment of the district court is reversed and the case remanded for further proceedings as hereinbefore ordered.

The court expresses no opinion on the merits of the plaintiffs' claims or those of the defendants as we have considered only the procedural posture of the case under Rule 56, Federal Rules of Civil Procedure.