**Robert BAILEY, Plaintiff,**

v.

**BEAVER PRECISION PRODUCTS, INC., Defendant.**

**No. 87–72538.**

United States District Court, E.D. Michigan, S.D.

Jan. 26, 1988.

Jeffrey G. Collins, Detroit, Mich., for plaintiff.

Suanne Tiberio Trimmer, Clark, Klein & Beaumont, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

This litigation arises from the termination of Plaintiff's employment following his refusal to submit to a drug test. On May 29, 1987 Plaintiff filed a three count complaint in Oakland County Circuit Court. Count I of Plaintiff's complaint alleged racial discrimination due to the disproportionate impact of the Defendant's drug testing program on black employees. Count II of the complaint alleged a due process violation because the drug testing program was established without a rational basis and was implemented and applied without standards to determine who consumed a narcotic substance. Count III of Plaintiff's complaint alleged wrongful discharge by refusing to allow Plaintiff to return to work and by making drug testing a condition of employment. On July 7, 1987 Defendant removed the case to this court on the basis of federal question jurisdiction under Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a).

The matter is presently before the Court on Defendant's motion to dismiss or for summary judgment. Defendant submitted affidavits and other evidence in support of the motion for consideration by the court. The evidence submitted by Defendant is important to resolution of the issue before the Court. When matters outside the pleadings are presented to the court and not excluded, a motion to dismiss brought under Rule 12(b)(6) is treated as one for summary judgment. *Mozert v. Hawkins County Public Schools,* 765 F.2d 75.78 (6th Cir.1985). Accordingly, Defendant's motion will be evaluated under the appropriate standards for a motion for summary judgment.

Under Rule 56(c), summary judgment shall be granted:

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The party moving for summary judgment "bears the burden of clearly establishing the non-existence of any genuine issue of fact material to a judgment in his favor." *United States v. Articles of Device,* 527 F.2d 1008, 1011 (6th Cir.1975); *See also United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). In ruling on a motion for summary judgment, the district court must view the evidence, and all reasonable inferences to be drawn therefrom, in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Potters Medical Center v. The City Hospital Ass'n,* 800 F.2d 568 (6th Cir.1986). With these considerations in mind, the court can address Defendant's contention that Plaintiff's claims are barred under federal law for failure to exhaust exclusive contractual remedies and for failure to allege unfair union representation.

Defendant submitted evidence indicating that Plaintiff was a member of Local 540 of the UAW, the exclusive bargaining representative of Plaintiff. The UAW and Defendant were parties to a master and a local supplement collective bargaining agreement which constituted Plaintiff's sole contracts of employment and exclusively covered the terms and conditions of his employment. (affidavit of Betty Napper, Manager—personnel). Article 37 of the master agreement and article IV of the local agreement provide for an exclusive arbitration and grievance procedure. Article I of the Master Agreement and Local Supplement states that the parties agree that there will be no discrimination in the application of the agreement because of race, creed, color, sex, national origin or age. Defendant also submitted evidence indicating that the Union filed a grievance on behalf of Plaintiff alleging unjust discharge. Defendant returned the grievance asserting that Plaintiff was not discharged and the Union did not pursue the grievance nor did it file any other grievances protesting any aspect of Plaintiff's employment. (See, Napper affidavit).

Defendant contends, essentially, that since Plaintiff's employment is governed by a collective bargaining agreement, any state causes of action for violation of that agreement are pre-empted by § 301 of the Labor Management Relations Act (LMRA). 29 U.S.C. § 185(a). Defendant asserts that each of Plaintiff's claims of race discrimination, due process violation and wrongful discharge are actually claims of breach of the collective bargaining agreement and should be decided under section 301 of the LMRA. Defendant contends that the complaint should therefore be dismissed for failure to exhaust the exclusive remedies in the collective bargaining agreement and for failure to allege unfair representation. Plaintiff, on the other hand, argues that his claims are not covered by the collective bargaining agreement because "the underlying theory of this case is clearly and unequivocally one of racial discrimination." (Plaintiff's Reply to Defendant's Motion, Section A). Plaintiff asserts that the Michigan Elliott–Larson Civil Rights Act, M.C.L.A. 37.2101 et seq., rather than § 301 of the L.M.R.A. is the governing law in this action.

> Section 301 of the L.M.R.A. provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties...." 29 U.S.C. § 185(a).

The preemptive effect of § 301 is well established. Suits brought in state court "alleging a violation of a provision of a labor contract must be brought under § 301 and resolved by reference to federal law." *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 210, 105 S.Ct. 1904, 1911, 85 L.Ed. 2d 206 (1984) (citing *Teamsters v. Lucas Flour,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962)). See also *Electrical Workers v. Hechler,* —— U.S. ——, 107 S.Ct. 2161, 95 L.Ed.2d 791 (U.S.1987). The preemptive effect of § 301 has been extended beyond suits alleging contractual violations. *Al-*

*lis–Chalmers* at 210, 105 S.Ct. at 1911. Section 301 has been extended to cases when "resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Id.* at 220, 105 S.Ct. at 1916. However, the court in *Allis–Chalmers* made it clear that § 301 preemption does not apply to state laws which confer non-negotiable rights on employers and employees independent of any right established by the labor contract. *Id.* at 213, 105 S.Ct. at 1912. Therefore, the focus of this court in resolving the issues presented by Defendant's motion, is whether evaluation of Plaintiff's claims are "inextricably intertwined with consideration of the terms of the labor contract" or whether Plaintiff's claims involve non-negotiable state law rights. *Id.*

▉ Initially, the Court was of the opinion that Plaintiff's claims of race discrimination and due process violations were examples of the type of non-negotiable state law rights mentioned in *Allis–Chalmers.* However, upon further research and consideration, the Court is now of the opinion that all of Plaintiff's claims are claims for violation of the collective bargaining agreement and are governed by federal law. Resolution of Plaintiff's claims of race discrimination clearly involves interpretation of the collective bargaining agreement in effect between the parties. The parties negotiated that "The Company and Union agree that there will be no discrimination in the application of this Agreement because of race...." Article I § 2(b). Thus, in this case, Plaintiff's claim of race discrimination is "inextricably intertwined" with interpretation of the terms of the labor contract and is not a non-negotiable state law right. Similarly, Plaintiff's claims of due process violation and invasion of privacy would require a decision as to whether the drug testing was permissible and reasonable in light of the contract. Accord, *Kirby v. Allegheny Beverage Corp.,* 811 F.2d 253 (4th Cir.1987); *Strachan v. Union Oil Co.,* 768 F.2d 703 (5th Cir.1985).

▉ Finally, Plaintiff's wrongful discharge claim also requires interpretation of the collective bargaining agreement. The agreement specifically "recognizes the Union as the exclusive bargaining agent in the matter of wages, hours and working conditions." (Agreement, Article I, § 1). Therefore, the circumstances under which an employee may be discharged necessarily depends on the provisions of the employment contract. Accordingly, resolution of Plaintiff's state-law claims is substantially dependent on interpretations of the collective bargaining agreement which provides an exclusive grievance and arbitration procedure. Plaintiff's claims are thus governed by § 301 of the L.M.R.A.

▉ It is axiomatic that "[b]efore initiating an action under section 301 of the Labor Management Relations Act, union members are required to attempt to settle the dispute through internal union procedures." *Anderson v. Ideal Basic Industries,* 804 F.2d 950, 952 (6th Cir.1986). When the "employer's conduct amounts to a repudiation of the contractual procedures or when a union wrongfully refuses to process the grievance," the failure to exhaust internal grievance procedures is excused. *Id.* Plaintiff has not made any allegations about the employer's conduct nor has Plaintiff alleged that the union has wrongfully refused to further process his grievance. Plaintiff's employment contract contains a grievance procedure which, according to the evidence submitted by Defendant, Plaintiff has not utilized to its fullest extent. Plaintiff has not offered evidence to rebut the evidence offered by Defendant; therefore, summary judgment in this case is appropriate.

Accordingly, and for the above reasons, Defendant's motion to dismiss or for summary judgment is GRANTED. Defendant shall submit an appropriate order.