838 F.2d 472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest TEMPLETON, Plaintiff-Appellant,
v.
Richard CADY, David Jamrog, Frank Elo, Arvid Perrin, John M.
Pieron, Michigan Department of Corrections,
Defendants-Appellees.
 No. 87-1825.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1988.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's judgment dismissing this prisoner's civil rights case. 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff is a prisoner at the state prison in Jackson, Michigan. The defendants are prison officials. In his complaint, the plaintiff alleges that he was subjected to two major misconduct disciplinary actions in violation of his procedural due process rights. After various proceedings, the magistrate recommended that the case be dismissed. The district court overruled the plaintiff's objections and adopted the magistrate's report. The court then entered judgment dismissing the case.
 
 
 3
 Under Fed.R.Civ.P. 12(b), when the district court considers matters other than the pleadings on a motion to dismiss, the motion becomes a motion for summary judgment. Mozert v. Hawkins County Public Schools, 765 F.2d 75, 78 (6th Cir.1985), later appeal, 827 F.2d 1058 (1987). Because the district court did consider matters outside of the complaint, the question then becomes whether there was any genuine issue of material fact in this case. Fed.R.Civ.P. 56(c).
 
 
 4
 We agree with the conclusion of the district court that there was no due process violation concerning the testimony of a witness at one of the disciplinary hearings. See Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Because the substance of the testimony concerning harassment was properly described by the hearing officer, there was no due process violation of the right to call witnesses when the hearing officer wrote the wrong name in his report.
 
 
 5
 Turning to the alleged violations of prison regulations, we assume without deciding that both Mich.Admin.Code R 791.5510(1) and (4) create liberty interests. Hewitt v. Helms, 459 U.S. 460, 471-72 (1983). Nonetheless, the plaintiff's arguments on these two issues do not present a genuine issue of material fact. We agree with the defendants' interpretation of R 791.5510(4) that punitive segregation cannot be imposed for longer than seven days for any one offense. Because the plaintiff was convicted of more than one offense, he could receive the ten day period to which he was subjected.
 
 
 6
 Concerning R 791.5510(1), the plaintiff did submit documentary evidence showing that he has had psychiatric and medical problems. These same documents, however, show that both the psychiatric and medical problems were under control. So there is no genuine issue concerning the need for a psychiatric or medical examination.
 
 
 7
 Finally, the plaintiff argues that his security classification cannot be changed after major misconduct findings without a second hearing. In Walker v. Mintzes, 771 F.2d 920, 933 (6th Cir.1985), this court held that no second hearing is necessary. We hold that Walker controls the present case on this issue.
 
 
 8
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.