869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rochester HARRIS, Plaintiff-Appellant,
v.
Kent JONES, (Implied Agency) Defendant-Appellee.
 No. 88-1975.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1989.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges and EUGENE E. SILER, Jr., Chief District Judge.*
 
 ORDER
 
 2
 Plaintiff Harris moves for counsel on appeal from the district court's judgment dismissing this prisoner's civil rights case. 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The plaintiff is a prisoner at the State Prison of Southern Michigan. The defendant is an employee of the Department of Health and Human Services. In his complaint, the plaintiff alleged that the defendant improperly gave the plaintiff's Social Security benefits to the prison to pay for prison expenses.
 
 
 4
 The defendant filed a motion to dismiss the case. Accompanying the motion to dismiss was an affidavit from the defendant stating that he did process the plaintiff's claim and that the Department awarded the plaintiff benefits. However, the Department did not actually pay any benefits because a prisoner cannot receive benefits until he is released from prison. 42 U.S.C. Sec. 402(x). The district court referred the case to a magistrate, who recommended that the motion to dismiss be granted. The district court overruled the plaintiff's objections and dismissed the case.
 
 
 5
 We affirm the judgment of the district court on other grounds. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Federal courts must construe pro se prisoner civil rights claims liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Harris actually attempted to raise a Bivens action against the federal official in his individual capacity. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971). Harris referred to an article in the Jackson Citizen Patriot which alleged that the state of Michigan seized prisoner Social Security benefits and used the benefits to pay for prison expenses. Harris argued that the Supreme Court has held such seizures illegal in Bennett v. Arkansas, 108 S.Ct. 1204, 1205-06 (1988) (per curiam).
 
 
 6
 As noted above, the defendant submitted an affidavit stating his version of the facts. When the district court considers affidavits, the court should construe the motion to dismiss as a motion for summary judgment. Mozert v. Hawkins Cty. Public Schools, 765 F.2d 75, 78 (6th Cir.1985). The district court may grant summary judgment when the case lacks a genuine issue of material fact and the court can enter judgment as a matter of law. Fed.R.Civ.P. 56(c). The mere existence of some issue is not enough; to be genuine, an issue must be one that can be reasonably resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 7
 The Jackson Citizen Patriot article was dated on or about October 14, 1987. The plaintiff did not begin to apply for Social Security benefits until October 18, 1987. Therefore, the article could not specifically apply to the plaintiff's benefits. The plaintiff did not show any other evidence that the defendant gave the plaintiff's benefits to the prison. Therefore, the facts in the defendant's affidavit control this case. The Department is simply withholding the plaintiff's benefits in accordance with Social Security law. The defendant is entitled to summary judgment on this ground.
 
 
 8
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation