902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George T. HAYNIE, Plaintiff-Appellant,
v.
Charles BASS, et al., Defendants-Appellees.
 No. 89-5797.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Plaintiff Haynie moves for counsel and for a copy of the transcript on appeal from the district court's order dismissing his prisoner's civil rights case. 42 U.S.C. Sec. 1983 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On April 18, 1988, through July 29, 1988, Haynie filed six complaints in the district court. The district court consolidated these complaints and referred them to a magistrate. The magistrate held a hearing concerning the frivolousness of the complaints. The magistrate then issued a report recommending that the complaints be dismissed. The district court overruled Haynie's objections and dismissed the cases. Haynie appealed. On appeal, this court granted a motion for a transcript at government expense.
 
 
 4
 * In our prior order granting the motion for a transcript at government expense, we held that the appeal is not frivolous. Therefore, we cannot affirm the order of the district court on the basis of the district court's adoption of the magistrate's report. However, a decision below must be affirmed if correct for any reason, including a reason not considered by the lower court. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Because Haynie received notice and an opportunity to present evidence in the district court, the appeal can be considered under the standards of Fed.R.Civ.P. 12(b)(6).
 
 
 5
 Under this rule, a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Jones v. Duncan, 840 F.2d 359, 361 (6th Cir.1988). If the district court relies on evidence beyond the face of the complaint to address the issue, the question becomes one under Fed.R.Civ.P. 56(c) concerning the existence of a genuine issue of material fact. Mozert v. Hawkins Cty. Public Schools, 765 F.2d 75, 78 (6th Cir.1985), cert. denied, 484 U.S. 1066 (1988). Under this rule, a genuine issue is one which presents a significant disagreement requiring submission to a jury; an issue is not genuine when the evidence is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Although Haynie challenges the manner in which the magistrate allowed him to present evidence at the hearing, we have examined the transcript and do not find any abuse of discretion in the magistrate's rulings. See Cathey v. Johns-Manville Sales Corp., 776 F.2d 1565, 1575 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 II
 
 6
 In Case No. 88-425, Haynie alleged that the defendants retaliated against him by filing disciplinary proceedings when he threatened to sue the defendants concerning his prison salary. Haynie did not specify in his complaint that he sued the defendants in their individual capacities. He only requested money damages.
 
 
 7
 Where the face of the complaint does not indicate that a suit is against officers in their individual capacities, the suit is deemed to be against the officers in their official capacities. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). State officers acting in their official capacities are not persons under Sec. 1983 and cannot be sued for damages under that statute. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989). Therefore, the defendants are entitled to dismissal of this complaint under Rule 12(b)(6) because Haynie failed to state a claim as a matter of law.
 
 III
 
 8
 In the remainder of Haynie's complaints, he sues the defendants in their individual capacities or he requests injunctive relief. Therefore, these cases are not completely barred by the holding in Will.
 
 
 9
 In Case No. 88-426, Haynie alleged that various officials retaliated against him by transferring him to another prison and taking various other adverse actions. Based on the evidence introduced at the district court hearing, the magistrate and the district court correctly found that Haynie's transfer was for legitimate disciplinary reasons and not as retaliation. Therefore, the defendants are entitled to summary judgment on this issue. Fed.R.Civ.P. 56(c).
 
 
 10
 In Case No. 88-427, Haynie alleged that he received disciplinary punishment concerning a food line incident in retaliation for the exercise of his first amendment rights and that his due process rights were violated at the subsequent disciplinary proceedings. Nothing in the evidence in this case shows that the defendants acted with an intention of retaliating against Haynie. Moreover, Haynie received only a written reprimand as his punishment for this incident. Haynie did not lose any good time credits in this case, and the written reprimand issued here does not raise a liberty interest that would require protection under the due process clause. See Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). Therefore, Haynie has failed to state a claim as a matter of law under Fed.R.Civ.P. 12(b)(6) on this issue.
 
 
 11
 In Case No. 88-428, Haynie alleged that the prison officials refused to give him postage for his legal mail. The magistrate and the district court correctly held that the prison regulation concerning postage was valid and that Haynie did not show any specific damages as a result of any alleged denial of access to the courts. See Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir.1978) (per curiam). Therefore, this issue fails to state a claim as a matter of law under Rule 12(b)(6).
 
 
 12
 In Case No. 88-714, Haynie alleged that the defendants improperly required him to pick up cigarette butts despite his back ailment. The magistrate and the district court correctly held that the defendants were not deliberately indifferent to a serious medical need of Haynie. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). On these facts, the defendants are clearly entitled to summary judgment under Rule 56(c).
 
 
 13
 In Case No. 88-715, Haynie alleged that a prison guard retaliated against him because he successfully attacked her credibility at a disciplinary hearing. The prison guard charged him with a disciplinary violation concerning his failure to pick up cigarette butts. The magistrate and the district court properly held that the prison officer merely required Haynie to do what he had often been required to do in the past. Moreover, his disciplinary conviction on this charge was later reversed on a procedural error, not on the merits. Therefore, the defendants are entitled to summary judgment under Rule 56(c) on this issue.
 
 
 14
 None of Haynie's issues is meritorious. Accordingly, the motions for counsel and for a copy of the transcript are denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation